929 F.2d 701
 136 L.R.R.M. (BNA) 2976
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
QUALITY ASSURED PRODUCTS, INC., Respondent.
 No. 91-5162.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 1
 Judgment Enforcing an Order of the National Labor Relations Board, 7-ZA-29559.
 
 
 2
 N.L.R.B.
 
 
 3
 ORDER ENFORCED.
 
 
 4
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges; and JOINER, Senior District Judge*.
 
 
 5
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Quality Assured Products, Inc., Highland Park, Michigan, its officers, agents, successors, and assigns, enforcing its order dated February 27, 1990, in Case No. 7-CA-29559, and the Court having considered the same, it is hereby
 
 
 6
 ORDERED AND ADJUDGED by the court that the Respondent, Quality Assured Products, Inc., Highland Park, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 7
 (a) Failing and refusing to make contractually required Trust Fund contributions.
 
 
 8
 (b) Failing and refusing to execute a contract embodying the agreement reached with Chicago and Central States Joint Board, Amalgamated Clothing and Textile Workers Union, AFL-CIO (hereinafter called the Union) May 16, 1989, regarding wages, hours and other terms and conditions of employment of unit employees.
 
 
 9
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 10
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 11
 (a) Give full force and effect to the Trust Fund provisions in the Supplemental Agreement to the 1987--1989 collective-bargaining agreement and any provision for Trust Fund contributions agreed to subsequent to the Supplemental Agreement and make the Trust Fund and bargaining unit employees whole in the manner set forth in the remedy section of the Board's Decision.
 
 
 12
 (b) On request, bargain in good faith with the Union as the collective-bargaining representative of the employees in the unit, regarding wages, hours, and other terms and conditions of employment, and execute a contract embodying the agreement with the Union reached May 16, 1989, regarding those terms and conditions, and make bargaining unit employees whole in the manner set forth in the remedy section of the Board's Decision for any losses suffered as a result of the failure to execute that agreement.
 
 
 13
 (c) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (d) Mail a copy of the attached notice marked "Appendix" to the last known address of all employees employed in the appropriate bargaining unit represented by the Union. Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be mailed by the Respondent immediately on receipt as directed.
 
 
 15
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 19
 WE WILL NOT refuse to bargain with Chicago and Central States Joint Board, Amalgamated Clothing and Textile Workers Union, AFL-CIO by failing and refusing to make contractually required Trust Fund contributions on behalf of bargaining unit employees; or by failing and refusing to execute a contract embodying an agreement reached with the Union regarding wages, hours, and other terms and conditions of employment of unit employees.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 21
 WE WILL make whole our unit employees by paying all delinquent Trust Fund contributions required by our collective-bargaining agreements with the Union, by reimbursing our unit employees for any expenses ensuing from the failure to make those payments, and by compensating them for any losses suffered as a result of our failure to execute the collective-bargaining agreement reached with the Union May 16, 1989.
 
 
 22
 WE WILL, on request, bargain in good faith with the Union as the collective-bargaining representative of the employees in the unit, regarding wages, hours, and other terms and conditions of employment and WE WILL execute a contract embodying the terms of the collective-bargaining agreement reached with the Union May 16, 1989.
 
 
 23
 QUALITY ASSURED PRODUCTS, INC.
 
 
 24
 /s/(Employer)
 
 Dated __________
 By __________ (Representative) (Title)
 
 25
 This is an official notice and must not be defaced by anyone.
 
 
 26
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation